IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FERNSLER,** | : | |
| Plaintiff | : | No. 1:24-cv-01253 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **SWATARA TOWNSHIP POLICE** | : | |
| **DEPARTMENT, et al.,** | : | (Chief Magistrate Judge Bloom) |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On May 28, 2024, pro se Plaintiff Michael Fernsler ("Plaintiff") filed his original complaint against Defendants Swatara Township Police Department, Chief of Police Darrell Reider, Lieutenant Timothy Shatto, Attorney Robert Daniels, Public Defender Deanna Muller, Dauphin County Court, and Sergeant Gerry Cassel (collectively "Defendants")[1] in the Dauphin County Court of Common Pleas for alleged violations of Plaintiff's constitutional rights. (Doc. No. 1-2.) Plaintiff pleaded guilty in 2006 to involuntary deviate sexual intercourse, indecent assault of a person less than 13 years of age, unlawful contact with a minor, and two counts of corruption of a minor. See Commonwealth v. Fernsler, No. CP-22-CR-0002173-2006 (Dauphin

---

[1] The Court refers to the individual Defendants by their last names infra.

Cnty. Ct. Com. Pl. <u>filed</u> Aug. 10, 2007).[2]  He was sentenced on January 25, 2008 to an aggregate term of 26 to 52 years in prison.  <u>See</u> <u>id.</u>[3]

---

[2]  The docket sheet for this case is available on the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch (last visited April 15, 2025).  The docket is a public record of which this Court can take judicial notice.  <u>See</u> <u>Orabi v. Att'y Gen.</u>, 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); <u>Wilson v. McVey</u>, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

[3]  Chief Magistrate Judge Bloom's Report and Recommendation provides a summary of Plaintiff's proceedings after sentencing:

> [Public Defender] Muller filed a Motion to Modify Sentence on [Plaintiff]'s behalf, which was denied, and then a notice of appeal to the Pennsylvania Superior Court, who quashed the appeal as untimely.  <u>Id.</u>; (<u>See also</u> Doc. 30 at 4).  Muller cooperated with another Dauphin County Public Defender to submit a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), arguing that she was ineffective because of the untimely appeal.  <u>Id.</u>; (<u>See also</u> Doc. 30 at 4).  That application was accepted by the Court of Common Pleas, they reinstated [Plaintiff]'s appeal rights, Muller filed an appeal, and on July 10, 2009, the Superior Court affirmed [Plaintiff]'s conviction.  <u>Com[monwealth] v. Fernsler</u>, 981 A.2d 918 (Table) (Pa. Super. [Ct.] 2009).  [Plaintiff] did not file a petition for allocatur in the Supreme Court of Pennsylvania, nor a petition for certiorari with the United States Supreme Court, and so his sentence became final on or about September 10, 2009.  (Doc. 30 at 4).
>
> Over the next five years, [Plaintiff] filed three different pro se PCRA petitions with the [Dauphin County Court of Common Pleas, all of which were found untimely, appealed, and affirmed.  <u>See</u> <u>Commonwealth v. Fernsler</u>, No. CP-22-CR-2173-2006; <u>Commonwealth v. Fernsler</u>, No. 1747 MDA 2022, 309 A.3d 1039 (Pa. Super. [Ct.]2023).  [Plaintiff] petitioned the Supreme Court of Pennsylvania for allocatur on one of those three affirmed denials, and on February 19, 2014, the court denied that petition.  <u>Commonwealth v. Fernsler</u>, 85 A.3d 482 (Pa. 2014) (mem. table decision).  [Plaintiff] did not apply to the United States Supreme Court for a writ of certiorari.
>
> On April 14, 2014, [Plaintiff] petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  <u>Fernsler v. Dauphin [County]</u>, No. 1:14-CV-[00]743, 2015 WL 3838077 (M.D. Pa. June 22, 2015).  He sought relief for many of the same issues he asserts in the instant case.  <u>Id.</u>  The court dismissed the petition with prejudice on the basis that it was untimely.  <u>Id.</u>

In his original complaint, Plaintiff alleges that his convictions occurred, because of, or were made worse by, various actions of the named Defendants before and after he entered his guilty plea. Plaintiff's original complaint alleges violations of Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights as well as a state law claim of libel and slander. (Doc. No. 1-2.)

On July 26, 2024, Cassel filed a notice of removal asserting that this Court has federal question jurisdiction over 42 U.S.C. § 1983 ("Section 1983") claims that allege constitutional violations and that this Court may exercise supplemental jurisdiction over the state law claim. (Doc. No. 1.) After the Defendants filed several motions to dismiss Plaintiff's complaint, Plaintiff filed a motion for leave to file an amended complaint (Doc. No. 17) along with a motion to appoint counsel (Doc. No. 15). That same day, Chief Magistrate Judge Bloom granted the motion for leave to file an amended complaint and denied Defendants' pending motions to dismiss (Doc. Nos. 7, 11) without prejudice (Doc. No. 18). Chief Magistrate Judge Bloom issued a Memorandum and Order denying Plaintiff's motion to appoint counsel. (Doc. No. 19.)

On September 6, 2024, Plaintiff filed an amended complaint alleging that: (1) all Defendants, except Cassel, violated Plaintiff's civil rights under the United States Constitution and the Pennsylvania Constitution (hereafter referred to as Plaintiff's "federal claims" or "Section 1983 claims"); (2) public defenders Daniels and Muller's alleged constitutional violations were also legal malpractice; and (3) Cassel slandered Plaintiff. (Doc. No. 21.)[4] In

---

See (Doc. No. 58 at 6–7).

[4] As noted by Chief Magistrate Judge Bloom (Doc. No. 58 at 2 n.1), Plaintiff's amended complaint incorporates by reference his original complaint (Doc. No. 1-2) and attaches a brief in support of the amended complaint (Doc. No. 22). Because Plaintiff is pro se, the Court construes the brief in support (Doc. No. 22) as part of the amended complaint. However, Plaintiff appears

response to Plaintiff's amended complaint, Defendants filed five distinct motions to dismiss, one each filed by Daniels, Muller, Cassel, and Dauphin County Court of Common Pleas, and one filed jointly by Shatto, Reider, and the Swatara Township Police Department.  (Doc. Nos. 27, 29, 31, 33, 45.)  On March 11, 2025, Plaintiff filed a second motion to appoint counsel.  (Doc. No. 57.)

Now before the Court is the March 28, 2025 Report and Recommendation of Chief Magistrate Judge Bloom recommending that the Court grant the five pending motions to dismiss.  (Doc. No. 58.)  In his Report and Recommendation, Chief Magistrate Judge Bloom construes Plaintiff's claims as follows:

> [Plaintiff] alleges that the defendants have violated his various rights under the United States Constitution.  Construing the complaint liberally, we read many of these claims as arising under 42 U.S.C. § 1983.  As to [Plaintiff]'s claims against Muller and Daniels, we construe these claims as arising under state law, since criminal defense attorneys "performing [their] traditional functions as counsel to a defendant" are not subject to liability under § 1983.  Polk [Cou]nty. v. Dodson, 454 U.S. 312, 325 (1981).  Finally, [Plaintiff]'s defamation claim against Cassel also arises under state law.  See 42 Pa. Cons. Stat. §§ 8341 et seq.

(Id. at 12.)  Based on this reading of Plaintiff's claims, Chief Magistrate Judge Bloom finds that "the majority of [Plaintiff's] claims should be dismissed, either because they are time barred, barred by immunity, or fail to state a claim upon which relief can be granted." (Id. at 11.)  As to Plaintiff's Section 1983 claims, Chief Magistrate Judge Bloom concludes that all but one of them are time barred because Plaintiff filed this action on May 28, 2024 and all acts alleged, other than the allegations against Shatto, occurred no later than 2008.  (Id. at 12–13.)[5]  As to Plaintiff's

---

to have refiled his amended complaint and brief without leave to file a third amended complaint.  See (Doc. Nos. 25–26).  The Court does not consider Plaintiff's filings at Docket Numbers 25 and 26.

[5] Additionally, Chief Magistrate Judge Bloom observes that Plaintiff's claims against the

claim against Shatto that arises out of a phone call with Plaintiff's mother that allegedly took place within the two-year limitations period,[6] Chief Magistrate Judge Bloom finds that Plaintiff's complaint fails to state a claim upon which relief can be granted because it fails to make "a logical connection between this alleged phone conversation and any attempt to prevent [Plaintiff] from filing an appeal," and "it appears that [Plaintiff] did, in fact, file an appeal after this alleged conduct by Shatto." (Id. at 14–15.) In the absence of any viable federal claims, Chief Magistrate Judge Bloom recommends that this Court decline to exercise supplemental jurisdiction over any state law claims. (Id. at 16.)

On April 10, 2025, Plaintiff filed a response to the Report and Recommendation, which the Court, due to Plaintiff's pro se status, construes as his objection. (Doc. No. 59.) In his filing, Plaintiff appears to object to Chief Magistrate Judge Bloom's recommendation that the Court decline to exercise supplemental jurisdiction over the state law claim against Cassel because Plaintiff originally filed it in state court and Cassel removed the claim to this Court. (Id. at 1.) He then reasserts his arguments as to why his claims are not time-barred. (Id. at 2–3.)

On April 17, 2025, Muller filed a brief in opposition to Plaintiff's objection. (Doc. No. 60.) In her opposition, Muller states that Plaintiff "do[es] not assert any particular error in fact or law contained in Chief Magistrate Judge Bloom's R&R regarding his claims against Muller" and

---

Dauphin County Court of Common Pleas would be barred by Eleventh Amendment immunity. (Id. at 13.)

[6] As to the phone call that Plaintiff claims took place on December 28, 2022, Plaintiff claims that Shatto violated Plaintiff's due process rights when Shatto "attempted to dissuade [Plaintiff] from filing appeals," and that Shatto told Plaintiff's mother that "' her son is a terrible person, the crime he committed was the worst he had ever seen, he did a horrendous thing to the victims, and her son should have never been left [sic] out of jail on bail.'" See (Doc. No. 58 at 14 (quoting Doc. No. 22 at 5)).

Plaintiff "simply disagrees with the conclusions and rehashes his claim that Muller's untimely filing was hindrance to his appeals, noting that Plaintiff does not rebut Chief Magistrate Judge Bloom's conclusion that the claims against her are time-barred and cannot be brought under § 1983. (Id. at 4–5.)

Having considered the Report and Recommendation and Plaintiff's objection, the Court concurs with Chief Magistrate Judge Bloom's conclusion that the federal claims in Plaintiff's amended complaint should be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will dismiss Plaintiff's state law claims without prejudice.[7]

**AND SO**, upon independent review of the record and applicable law, on this 8th day of May 2025, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** Chief Magistrate Judge Bloom's March 28, 2025 Report and Recommendation (Doc. No. 58);

2. Plaintiff's response (Doc. No. 59), construed as his objection to Chief Magistrate Judge Bloom's Report and Recommendation, is **OVERRULED**;

3. Defendants' motions to dismiss (Doc. Nos. 27, 29, 31, 33, 45) are **GRANTED**;

4. Plaintiff's federal claims in his amended complaint (Doc. No. 21) are **DISMISSED WITH PREJUDICE**;

5. Plaintiff's state law claims in his amended complaint (Doc. No. 21) are **DISMISSED WITHOUT PREJUDICE**;

---

[7] The Court's decision regarding the exercise of supplemental jurisdiction is one that should be based on "the values of judicial economy, convenience, fairness, and comity." See Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that the remaining claims "properly belong[] in state court." See id. In the absence of a viable federal claim, and finding nothing to distinguish this case from the ordinary one, the Court finds that the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." See id. at 350 n.7.

6. Plaintiff's motion to appoint counsel (Doc. No. 57) is **DENIED AS MOOT**; and

7. The Clerk of Court is directed to **CLOSE** the above-captioned action.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
